EPHRAIM P. ELLISON, Respondent, v. JAMES H. LINFORD, Jr., Appellant.

MUNICIPAL CORPORATIONS.—TAXATION.—FARMING LAND.—A municipal corporation which is a small village, but having extensive limits, cannot tax farming lands for municipal purposes, lying within the corporate limits but outside of the platted portion of the city and so far removed from the settled portion of the city that the owner will receive no benefits from the municipal government. Affirming *Territory v. Daniels*, 6 Utah 288.

APPEAL from a judgment of the district court of the third district. The opinion states the facts.

*Mr. Joseph L. Rawlins*, for the appellant.

The Territorial legislature is vested with the power to legislate upon all rightful subjects of legislation consistent with the constitution and laws of the United States, which subjects are to be determined by an examination of the subjects upon which legislatures had been in the practice of acting with the consent of the people. *Maynard* v. *Hill*, 125 U. S. 204. The creation of a municipal corporation, the fixing of its boundaries and conferring upon it the power to tax all property within its limits, are usual subjects of legislation. 1 Dillon Mun. Corp. § 38; *University* v. *Indiana*, 14 How. 268; *Root* v. *Shields*, Woolworth C. C. 340, 356, 360; *Kelly* v. *Pittsburg*, 104 U. S. 80; *Spencer* v. *Martin*, 125 U. S. 355; *U. S.* v. *New Orleans*, 98 U. S. 392; *Davidson* v. *New Orleans*, 96 U. S. 107; 2 Dillon Mun. Corp. 738. The plaintiff and his property receives benefits from the taxes of the city in the preservation of peace, in irrigating his lands,

the regulation of the liquor traffic, the restraining of animals, and in other ways.

This law is not a violation of the fifth amendment to the constitution, because that has universally been held to be a restriction upon the power of eminent domain and not of taxation. 2 Dillon Mun. Corp. § 738. Hare American Con. Law, 332; *Davidson* v. *New Orleans*, 97 U. S. 107; *Head* v. *Mg. Co.*, 113 U. S. 8, and Cooley on Taxation, 108, *passim.*

*Mr. Arthur Brown* and *Messrs. Sutherland and Judd,* for the respondent.

This case falls clearly within the rule of *Territory* v. *Daniels*, 22 Pac. Rep. 159, 6 Utah 288; and is supported by the case of *Santa Clara Co.* v. *South Pac. Ry.*, 18 Fed. Rep. 398, which is affirmed, 118 U. S. 394.

ANDERSON, J.:

The defendant, as tax collector of the city of Kaysville, levied upon and sold a wagon belonging to plaintiff for unpaid municipal taxes levied by said city upon his property. The plaintiff brought this action against the defendant to recover damages for the taking and selling said property, upon the ground that the taxes were illegal, for the reason that the property on which the taxes were levied was not liable to taxation for city purposes, being situated outside the platted and settled portions of the city, and so remote therefrom as to receive no benefit from the expenditure of the taxes for municipal purposes. The defendant by his answer admitted the seizure and sale of the plaintiff's property as alleged, but claimed that the taxes for which it was taken were legal. The cause was tried to the court without a jury upon an

agreed statement of facts. The court held the tax invalid,
and gave judgment in favor of the plaintiff for $50, and
costs, and the defendant brings this appeal from said
judgment. From a plat of the city showing its corpo-
rate limits, the platted and settled portion thereof, and
the location of plaintiff's premises,—which plat is made
a part of the record,—and from the agreed statement of
facts, it appears that the property of plaintiff, on which
the taxes were levied, and on which he resides, consists
of three tracts of land used for farming purposes, and
a store, and all within the corporate limits of the city.
One tract is situated a little over half a mile from the
nearest part of the platted portion of the city. The second
tract is situated about one mile, and the third tract about
two miles, from the platted portion of the city, while the
store is situated about two miles away, at a little place
called "Layton," on a county road leading to the city
proper, and also on the line of the Utah Central Rail-
road. This so-called "city" is only a small village, con-
taining about 600 inhabitants in the platted portion thereof,
and yet its corporate limits include more than twenty-
three square miles. It is not shown that the platted and
settled portion, or what may be termed the "city proper,"
is likely to be extended in the direction of plaintiff's
premises, nor that any streets, driveways, or other
improvements in that direction are contemplated or at all
probable; nor is it shown that plaintiff will or can derive
any benefit from the expenditure of these taxes, except
in that general sort of way in which it may be said that
all persons residing in the country are benefited by good
streets, sidewalks, etc., in the town or city where they
usually go to transact their business. But this kind of
benefit is too slight to make it equitable or just that
their property situated in the country should be taxed

for city purposes. The questions involved in this case were fully considered and elaborated by this court in the case of *People* v. *Daniels,* 6 Utah, 288. That case involved the validity of a tax on agricultural lands for city purposes, and the tax was declared void. In that case ZANE, C. J., in delivering the opinion of the court, said that "taxation for city purposes should be within the bounds indicated by its buildings or streets or alleys or other public improvements, and contiguous or adjacent districts, so situated as to authorize a reasonable expectation that they will be benefited by the improvements of the city or protected by its police; that no outside districts should be included when it is apparent and palpable that the benefits of the city to it will be only such as will be received by other districts not included, such as will be common to all neighboring communities." We see no reason to doubt the correctness of that decision, and, as it is decisive of the point involved in this case, the judgment of the district court is affirmed.

BLACKBURN, J., and MINER, J., concurred.